RE: AUTHORITY OF ARRESTING OFFICER TO RELEASE INTOXICATED ARRESTEE INTO THE CUSTODY OF A RESPONSIBLE ADULT
ATTORNEY GENERAL HENRY HAS DIRECTED ME TO RESPOND TO YOUR REQUEST FOR AN INFORMAL OPINION FROM THIS OFFICE DETERMINING WHETHER AN ARRESTING OFFICER MAY RELEASE AN INTOXICATED ARRESTEE INTO THE CUSTODY OF A RESPONSIBLE RELATIVE OR ADULT. THIS OFFICE HAS ADDRESSED THIS ISSUE IN PART. IN ATTORNEY GENERAL OPINION NO. 80-001, THIS OFFICE DETERMINED THAT:
 "TITLE 22 O.S. 1101 (1971) ALLOWS THE SHERIFF, AFTER BAIL HAS BEEN SET BY THE COURT, TO RECEIVE BAIL AND THEN RELEASE THE PRISONER. TITLE 22 O.S. 209 ALLOWS A LAW ENFORCEMENT OFFICER WHO HAS ARRESTED A PERSON WITHOUT A WARRANT ON A MISDEMEANOR CHARGE, OR A VIOLATION OF A CITY ORDINANCE, TO ISSUE THAT PERSON A CITATION AND RELEASE HIM PURSUANT TO THE PROVISIONS IN THAT STATUTE. HOWEVER, PERSONS MAY BE RELEASED PURSUANT TO THIS STATUTE ONLY BY THE OFFICER WHO MADE THE ARREST. FURTHERMORE, THIS STATUTE DOES NOT APPLY WHEN THE PERSON HAS BEEN ARRESTED ON AN ARREST WARRANT, SINCE THAT PERSON MUST FIRST BE TAKEN BEFORE A MAGISTRATE. SEE 22 O.S. 171/22 O.S. 172 AND 22 O.S. 181. VIOLATORS OF SPECIFIED GAME AND FISH, WATER SAFETY, AND WATER POLLUTION LAWS MAY BE RELEASED BY POSTING BOND IN ACCORDANCE WITH THE PROVISIONS OF 22 O.S. 1111 (1980) ET SEQ. CERTAIN TRAFFIC VIOLATORS MAY POST BOND PURSUANT TO 22 O.S. 1114.1 ET SEQ.
IN ADDITION, 11 O.S. 28-114 (1978) ALLOWS MUNICIPALITIES TO ESTABLISH A SYSTEM FOR ALLOWING THE CHIEF OF POLICE OR HIS DESIGNATED REPRESENTATIVE TO ACCEPT A "TEMPORARY CASH BOND" UNDER SUCH CONDITIONS AS PROVIDED BY THE COURT FOR ARRESTS AT NIGHT, EMERGENCIES OR FOR WHEN A JUDGE IS NOT AVAILABLE.
HOWEVER, NO STATUTORY PROVISION EXISTS WHICH WOULD ALLOW A SHERIFF TO RELEASE A PRISONER WHO HAS BEEN ARRESTED FOR THE COMMISSION OF A PUBLIC OFFENSE WITHOUT BOND PRIOR TO HIS APPEARANCE BEFORE A MAGISTRATE UNLESS THE SHERIFF HIMSELF IS THE ARRESTING OFFICER AND THE ARREST HAS BEEN MADE WITHOUT A WARRANT, THE OFFENSE IS A MISDEMEANOR, OR A VIOLATION OF A CITY ORDINANCE, AND A CITATION HAS BEEN ISSUED PURSUANT TO THE ABOVE-MENTIONED 22 O.S. 209 . . ."
AN ARRESTING OFFICER, THEREFORE, HAS DISCRETION TO RELEASE AN ARRESTEE IF THE OFFENSE IS A MISDEMEANOR AND THE ARREST IS NOT PURSUANT TO AN ARREST WARRANT. THE ARRESTING OFFICER MAY ALSO RELEASE THE ARRESTEE PURSUANT TO APPROPRIATE MUNICIPAL ORDINANCES, UNLESS "IT REASONABLY APPEARS TO THE OFFICER THAT THE PERSON MAY CAUSE INJURY TO HIMSELF OR OTHERS. . . ." 11 O.S. 28-114(A) (1987).
IF THE ARREST IS BASED ON AN ARREST WARRANT OR THE ARRESTEE IS ARRESTED FOR A FELONY OFFENSE, THE ARRESTING OFFICER WILL NOT HAVE DISCRETION TO RELEASE THE ARRESTEE.
YOU HAVE ALSO ASKED WHETHER A MUNICIPALITY COULD BE LIABLE FOR THE ACTS OF A PRISONER ONCE HE HAS BEEN RELEASED INTO THE CUSTODY OF A RESPONSIBLE ADULT. THE ANSWER TO THIS QUESTION WOULD NECESSARILY DEPEND ON THE FACTS OF THE CASE. FOR EXAMPLE, A MUNICIPALITY COULD ENACT AN ORDINANCE ALLOWING AN ARRESTING OFFICER TO RELEASE AN INTOXICATED INDIVIDUAL TO A RESPONSIBLE ADULT ANY TIME THE LOCAL JAIL FACILITY IS AT THE MAXIMUM CAPACITY; THE ARRESTING OFFICER DOES NOT HAVE REASON TO BELIEVE THE ARRESTEE WILL INJURE HIMSELF OR OTHERS, AND THE VIOLATION CONSTITUTES AN OFFENSE UNDER MUNICIPAL ORDINANCE.
A MUNICIPALITY WOULD NOT BE SUBJECT TO LIABILITY FOR THE RELEASE OF AN INTOXICATED ARRESTEE PURSUANT TO THE DESCRIBED ORDINANCE. THIS IS SO BECAUSE THE POLITICAL SUBDIVISION TORT CLAIMS ACT, 51 O.S. 151 ET SEQ., EXEMPTS POLITICAL SUBDIVISIONS AND EMPLOYEES ACTING WITHIN THE SCOPE OF EMPLOYMENT FROM LIABILITY FOR:
 "ADOPTION OR ENFORCEMENT OF OR FAILURE TO ADOPT OR ENFORCE A LAW, WHETHER VALID OR INVALID, INCLUDING, BUT NOT LIMITED TO, ANY STATUTE, CHARTER PROVISION, ORDINANCE, RESOLUTION, RULE, REGULATION OR WRITTEN POLICY. . . ." 51 O.S. 155(4)(1988).
ON THE OTHER HAND, SITUATIONS RESULTING IN LIABILITY TO A MUNICIPALITY FOR THE RELEASE OF AN INTOXICATED ARRESTEE COULD ARISE. THE FACTS THAT WOULD GIVE RISE TO LIABILITY ARE INFINITE AND WOULD BE LEFT FOR A JURY TO DECIDE UNDER APPLICABLE STANDARDS.
IN SHORT, THERE IS NO HARD AND FAST LEGAL ANSWER TO YOUR SECOND QUESTION. EACH CASE MUST BE DECIDED ON ITS FACTS WITH CONSIDERATION BEING GIVEN TO WHETHER THE OFFICER MADE AN ARREST FOR A FELONY, A MISDEMEANOR OR A MUNICIPAL VIOLATION; WHETHER THE ARREST WAS PURSUANT TO A WARRANT AND WHETHER THE ARRESTEE'S RELEASE WAS CONTRARY TO STATE STATUTES OR IN COMPLIANCE WITH AN ESTABLISHED MUNICIPAL ORDINANCE OR POLICY.
(DAVID WALLING)